

| | | | |
|---|---|---|---|
| SIDLEY AUSTIN LLP<br>1501 K STREET, N.W.<br>WASHINGTON, D.C. 20005<br>+1 202 736 8000<br>+1 202 736 8711 FAX | BEIJING<br>BOSTON<br>BRUSSELS<br>CENTURY CITY<br>CHICAGO<br>DALLAS<br>GENEVA | HONG KONG<br>HOUSTON<br>LONDON<br>LOS ANGELES<br>MUNICH<br>NEW YORK<br>PALO ALTO | SAN FRANCISCO<br>SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D.C. |
| cphillips@sidley.com<br>+1 202 736 8270 | FOUNDED 1866 | | |

July 10, 2017

**Via CM/ECF**

Hon. Peter R. Marksteiner
Clerk of Court
U. S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

      Re:   *Isola USA Corp. v. Taiwan Union Technology Corp.*, Nos. 16-1674, -1765, -1802

Dear Col. Marksteiner:

      Pursuant to Federal Rule of Appellate Procedure 28(j), I write on behalf of Defendant-Appellant Taiwan Union Technology Corporation ("TUC") to bring this Court's recent decision in *NexLearn, LLC v. Allen Interactions, Inc.*, No. 16-2170, 2017 WL 2622469 (Fed. Cir. June 19, 2017), to the Court's attention.

      *NexLearn* concerned a home-town plaintiff's attempt to secure personal jurisdiction over an out-of-town defendant that had only sporadic contacts with the Kansas forum. The first of these contacts occurred before the patent issued, and the Court held that the defendant's "pre-issuance emails, presentations, and advertisements [we]re not relevant," because those were "in no way … connect[ed to] … any later infringing conduct to render them relevant." *Id.* at *3 & n.3. Second, the defendant had a website that "indicate[d] its amenability to selling … to Kansas residents." *Id.* at *5. But the Court held that, "[w]hile a Kansas resident *could* purchase [a product] from [defendant's] website, what [was] missing [was] any evidence that such a sale has taken place." *Id.* Finally, the Court dismissed two emails the defendant had sent to plaintiff's employees in Kansas. The first was a mass advertisement, and the Court "question[ed] whether [the] infringement claim could arise out of or relate to this advertisement because the advertisement does not appear to expressly offer [the product] for sale." *Id.* The

Sidley Austin (DC) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.



Hon. Peter R. Marksteiner
July 10, 2017
Page 2

second was an offer of a free product trial, but this too did "not create a substantial connection with either Kansas or [the] cause of action." *Id.* at *6. In the end, therefore, the contacts "create[d] only an 'attenuated affiliation' with Kansas." *Id.*

     The Court's decision confirms the lack of personal jurisdiction here. *See* Opening Br. 35-43, Reply Br. 12-21. Isola has not "connect[ed] [any TUC] actions with any later infringing conduct to render them relevant," is "missing … any evidence that … a sale has taken place" in Arizona, and has at most identified an "advertisement [that] does not appear to expressly offer [any product] for sale" in Arizona. 2017 WL 2622469, at *3-5 & n.3. These sporadic "contacts," therefore, create "only an attenuated affiliation" with Arizona. *Id.* at *6.

                                             Respectfully submitted,

                                             /s/ Carter G. Phillips
                                             Carter G. Phillips

Enclosure
cc: All counsel of record (by ECF)

2017 WL 2622469
United States Court of Appeals,
Federal Circuit.

NEXLEARN, LLC, Plaintiff-Appellant

v.

ALLEN INTERACTIONS, INC.,
Defendant-Cross-Appellant

2016-2170, 2016-2221
|
Decided: June 19, 2017

**Synopsis**
**Background:** Patent owner brought action against competitor, alleging claims for infringement of patent related to social simulation software and breach of contract. The United States District Court for the District of Kansas, No. 6:15-cv-01294-EFM-KGG, Eric F. Melgren, J., 2016 WL 2344580, granted competitor's motion to dismiss complaint for lack of jurisdiction. Patent owner appealed.

**Holdings:** The Court of Appeals, Moore, Circuit Judge, held that:

[1] competitor's contacts predating issuance of patent were not relevant contacts for establishing specific jurisdiction;

[2] competitor's inclusion of Kansas in dropdown menu on website was insufficient to establish minimum contacts subjecting competitor to jurisdiction; and

[3] competitor's isolated offer of free trial to Kansas resident was insufficient to establish substantial connection with Kansas to warrant exercise of specific jurisdiction.

Affirmed.

West Headnotes (22)

[1]     **Federal Courts**
        ⟜ Personal jurisdiction

Personal jurisdiction is a question of law that the Court of Appeals reviews de novo.

Cases that cite this headnote

[2]     **Courts**
        ⟜ Particular questions or subject matter

The Federal Circuit applies Federal Circuit law when reviewing claims intimately involved with the substance of the patent laws and the law of the regional circuit when reviewing state law claims.

Cases that cite this headnote

[3]     **Federal Courts**
        ⟜ Weight and sufficiency

Where the district court decided personal jurisdiction based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only to make a prima facie showing that defendants are subject to personal jurisdiction.

Cases that cite this headnote

[4]     **Federal Courts**
        ⟜ Presumptions

When reviewing decision on personal jurisdiction, the Court of Appeals accepts the uncontroverted allegations in the plaintiff's complaint as true and resolves any factual conflicts in the affidavits in the plaintiff's favor.

Cases that cite this headnote

[5]     **Constitutional Law**
        ⟜ Non-residents in general
        **Federal Courts**
        ⟜ Actions by or Against Nonresidents; 'Long-Arm' Jurisdiction
        **Federal Courts**
        ⟜ Weight and sufficiency

To make a prima facie showing that the defendants are subject to personal jurisdiction, the Court of Appeals asks

whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process. U.S. Const. Amend. 5.

Cases that cite this headnote

[6]    **Federal Courts**
       Jurisdiction of Entire Controversy; Pendent and Supplemental Jurisdiction

Once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy. 28 U.S.C.A. § 1367(a).

Cases that cite this headnote

[7]    **Federal Courts**
       Jurisdiction of Entire Controversy; Pendent and Supplemental Jurisdiction

To exercise supplemental jurisdiction, the district court must first have original jurisdiction over at least one claim in the action. 28 U.S.C.A. § 1367(a).

Cases that cite this headnote

[8]    **Patents**
       Presentation and Reservation in Lower Court of Grounds of Review
       **Patents**
       Briefs

Court of Appeals would not address general jurisdiction over competitor on appeal in patent infringement action, where patent owner did not argue general jurisdiction in its briefing to Court of Appeals or below to the district court.

Cases that cite this headnote

[9]    **Federal Courts**
       Unrelated contacts and activities; general jurisdiction
       **Federal Courts**
       Related contacts and activities; specific jurisdiction

A district court can exercise personal jurisdiction over an out-of-state defendant pursuant to either general or specific jurisdiction.

Cases that cite this headnote

[10]   **Federal Courts**
       Unrelated contacts and activities; general jurisdiction

Under general jurisdiction, a district court can hear any and all claims against out-of-state defendants when their affiliations with the state are so continuous and systematic as to render them essentially at home in the forum state.

Cases that cite this headnote

[11]   **Federal Courts**
       Related contacts and activities; specific jurisdiction

Specific jurisdiction focuses on the relationship among the defendant, the forum, and the litigation.

Cases that cite this headnote

[12]   **Constitutional Law**
       Non-residents in general

To comport with due process, the out-of-state defendant must have minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. U.S. Const. Amend. 5.

Cases that cite this headnote

[13]   **Federal Courts**
       Related contacts and activities; specific jurisdiction

To determine whether specific jurisdiction exists the court applies a three-part test, in which it determines whether: (1) the defendant

purposefully directed its activities to the forum state; (2) the claims arise out of or relate to those activities; and (3) the assertion of jurisdiction is reasonable and fair.

Cases that cite this headnote

[14] **Patents**
  ⟜ Tortious act, conduct, or injury

Competitor's contacts predating issuance of patent related to social simulation software were not relevant contacts for establishing specific jurisdiction over competitor in patent infringement action; e-mails, presentations, and advertisements predating patent could not constitute infringing acts because they did not occur during the term of the patent, and infringement claim did not proximately arise from actions.

Cases that cite this headnote

[15] **Federal Courts**
  ⟜ Related contacts and activities;specific jurisdiction

Specific jurisdiction requires that the plaintiff's suit arises out of or relates to the defendant's contacts with the forum; if a defendant purposefully derives benefit from his activities within a forum, he may be sued in that forum for consequences that arise proximately from such activities.

Cases that cite this headnote

[16] **Federal Courts**
  ⟜ Related contacts and activities;specific jurisdiction

In some circumstances, under specific jurisdiction, a defendant's suit-related contacts may extend to activities that occurred long before the plaintiff's cause of action became ripe.

Cases that cite this headnote

[17] **Patents**
  ⟜ Tortious act, conduct, or injury

Competitor's inclusion of Kansas in its dropdown menu of all states on its website was insufficient to establish minimum contacts arising out of patent infringement claim, and thus did not to subject competitor to specific jurisdiction in Kansas for alleged infringement of patent related to social simulation software; although address selector may have indicated amenability to selling product to Kansas residents, there was no evidence that such a sale had taken place.

Cases that cite this headnote

[18] **Federal Courts**
  ⟜ Agents, Representatives, and Other Third Parties

When determining whether a defendant has minimum contacts with a forum state, the unilateral activity of another party or a third person is not an appropriate consideration.

Cases that cite this headnote

[19] **Patents**
  ⟜ Tortious act, conduct, or injury

Competitor's mailing of one mass e-mail advertisement to all of its nationwide subscribers did not create a substantial connection with Kansas, for purposes of establishing specific jurisdiction over competitor in patent infringement action; e-mail was advertisement about new features, updates, and enhancements made to product, at end of e-mail, competitor instructed recipients to learn more about new features of product and provided a link to its website, and e-mail did not appear to expressly offer product for sale.

Cases that cite this headnote

[20] **Federal Courts**
  ⟜ Business contacts and activities; transacting or doing business

Mere advertising and promoting of a product may be nothing more than an invitation for

offers for purposes of establishing specific jurisdiction.

Cases that cite this headnote

[21]    Patents
        Tortious act, conduct, or injury

Competitor's isolated offer of a free trial to a Kansas resident was insufficient to establish a substantial connection with Kansas to warrant exercise of specific jurisdiction in patent infringement action; although competitor purposefully directed activities to Kansas when it offered patent owner's employee free trial, single offer of free trial was too insignificant to justify haling competitor into court in Kansas. 35 U.S.C.A. § 271(a).

Cases that cite this headnote

[22]    Patents
        In general;utility

US Patent 8,798,522. Cited.

Cases that cite this headnote

Appeals from the United States District Court for the District of Kansas in No. 6:15-cv-01294-EFM-KGG, Judge Eric F. Melgren.

**Attorneys and Law Firms**

PAUL K. VICKREY, Vitale Vickrey Niro & Gasey, Chicago, IL, argued for plaintiff-appellant.

MARTIN B. PAVANE, Cozen O'Connor, New York, NY, argued for defendant-cross-appellant. Also represented by DARREN SCOTT MOGIL.

Before Moore, Schall, and Hughes, Circuit Judges.

**Opinion**

Moore, Circuit Judge.

*1 NexLearn, LLC appeals from the District of Kansas' dismissal of its complaint for lack of personal jurisdiction. For the reasons discussed below, we affirm.

BACKGROUND

On September 24, 2015, NexLearn filed suit against Allen Interactions, Inc. ("Allen") in the District of Kansas alleging infringement of U.S. Patent No. 8,798,522 ("the '522 patent") and breach of contract. NexLearn alleged in its complaint that on February 10, 2009, Allen and NexLearn entered into a nondisclosure agreement ("NDA") to allow Allen to learn more about NexLearn's social simulation software called SimWriter®. It alleged that pursuant to the NDA, NexLearn provided Allen with a trial version of SimWriter, which Allen accessed "on several occasions, after which Allen stated it was no longer interested in pursuing a deal with NexLearn." J.A. 38. It alleged Allen thereafter developed its social simulation software called ZebraZapps based on information it "learned from its analysis of the confidential demo," giving rise to NexLearn's claims of patent infringement and breach of contract. J.A. 38–39. NexLearn asserted infringement of at least claims 1, 3–9, 11, 12, 14, and 25 of the '522 patent, which is directed to a computer program for social simulation, and asserted breach of the NDA by misusing NexLearn's confidential information. The NDA contains a choice-of-law provision stating Kansas law governs the agreement.

Allen moved to dismiss NexLearn's complaint for lack of personal jurisdiction. [1] Allen is a Minnesota corporation with its principal place of business in Mendota Heights, Minnesota. It argued it was not subject to specific or general jurisdiction in Kansas due to its limited contacts with the forum, which it argued amounted to a single sale unrelated to its ZebraZapps product and represented less than 1% of its revenue over the past five years. It argued the NDA's choice-of-law provision did not subject it to an action in Kansas because NexLearn's complaint asserted that its breach of contract claim was supplemental to its patent infringement claim, J.A. 36, requiring NexLearn to establish personal jurisdiction over its infringement claim in order to bring its contract claim.

NexLearn opposed Allen's motion and filed additional evidence to support its claim that the court could exercise personal jurisdiction over Allen under a specific jurisdiction theory. NexLearn's president, Dennis Rees, filed a declaration stating Allen agreed to an End-User License Agreement ("EULA") when it accessed the

SimWriter trial. The EULA specifies that "any dispute arising out of or related to this Agreement or the Product must be brought exclusively in a court sitting in Wichita, Kansas." J.A. 216. Mr. Rees declared that since launching ZebraZapps in 2011, Allen "continually sent direct emails regarding ZebraZapps to two NexLearn employees." J.A. 187 ¶ 2. He declared that another NexLearn employee was offered a free trial of ZebraZapps after attempting to purchase ZebraZapps from Allen's website without success. He declared Allen specifically targeted Kansas residents by including Kansas in the address selector's dropdown menu on its ZebraZapps website. The declaration summarized Allen's activities with a trade association, which disseminated a magazine to Kansas residents that included an advertisement for Allen.

**\*2** Drawing all reasonable inferences in favor of NexLearn, the district court held that NexLearn failed to allege that Allen had sufficient contacts with Kansas to permit the exercise of specific jurisdiction. It determined the NDA and EULA Kansas choice-of-law and forum-selection provisions were not relevant for specific jurisdiction over NexLearn's patent infringement claim. It held that because five of Allen's six emails to NexLearn employees were sent before the '522 patent issued on August 5, 2014, NexLearn's patent infringement claim could not have arisen out of or related to these emails. It held Allen's sole post-issuance email, as well as its offer of a free trial of ZebraZapps to a NexLearn employee, could not form a basis for exercising jurisdiction because these contacts were manufactured by NexLearn's unilateral acts. The NexLearn employees, it reasoned, received Allen's emails only because they subscribed to Allen's mass emailing list and received a free trial of ZebraZapps only because of a purchase attempt. Regarding Allen's ZebraZapps website, the district court held the website alone, absent evidence of an actual sale, was insufficient to confer specific jurisdiction. It held neither Allen's single sale of an unaccused product to a Kansas resident nor its general advertisement in a trade publication was relevant to NexLearn's patent infringement claim. Because it held it lacked personal jurisdiction over NexLearn's patent infringement claim, and because NexLearn did not assert breach of contract as an independent basis for the district court's subject matter jurisdiction, the district court granted Allen's motion to dismiss.

NexLearn appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

[1] [2] [3] [4] [5] "Personal jurisdiction is a question of law that we review de novo." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009). We apply Federal Circuit law when reviewing claims "intimately involved with the substance of the patent laws" and the law of the regional circuit when reviewing state law claims. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003). Where, as here, the district court decided personal jurisdiction "based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only to make a prima facie showing that defendants are subject to personal jurisdiction." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1329 (Fed. Cir. 2008). We "accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." *Id.* To make a prima facie showing, we ask "whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Autogenomics*, 566 F.3d at 1017. The Kansas Supreme Court has interpreted Kansas' long-arm statute to extend jurisdiction to the fullest extent allowed by due process. *Merriman v. Crompton Corp.*, 282 Kan. 433, 146 P.3d 162, 179 (2006).

[6] [7] Pursuant to 28 U.S.C. § 1367(a), "it is well established—in certain classes of cases—that, once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). To exercise supplemental jurisdiction, the district court "must first have original jurisdiction over at least one claim in the action." *Id.* at 554, 125 S.Ct. 2611.

### A. NexLearn's Patent Infringement Claim

[8] [9] [10] [11] [12] NexLearn alleges that personal jurisdiction exists for its patent infringement claim, the only claim over which it asserts the district court possesses

original jurisdiction. A district court can exercise personal jurisdiction over an out-of-state defendant pursuant to either general or specific jurisdiction. Under general jurisdiction, a district court can "hear any and all claims against [out-of-state defendants] when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, ––– U.S. ––––, 134 S.Ct. 746, 749, 187 L.Ed.2d 624 (2014) (citation omitted). Specific jurisdiction instead "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, ––– U.S. ––––, 134 S.Ct. 1115, 1121, 188 L.Ed.2d 12 (2014) (alteration omitted). To comport with due process, the out-of-state defendant must have "minimum contacts" with the forum State "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). At oral argument, NexLearn stated it alleged both general and specific jurisdiction. Oral arg. at 15:03–16:10. NexLearn did not argue general jurisdiction in its briefing to us or below to the district court. *See* NexLearn Br. 10; J.A. 7 ("NexLearn does not allege general jurisdiction but rather that Allen had minimum contacts with Kansas based on specific jurisdiction."). We thus decline to address general jurisdiction.

**\*3** [13] To determine whether specific jurisdiction exists we apply a three-part test, in which we determine whether: (1) the defendant purposefully directed its activities to the forum State; (2) the claims arise out of or relate to those activities (collectively, the minimum contacts prong); and (3) the assertion of jurisdiction is reasonable and fair. *Avocent*, 552 F.3d at 1332. We hold that NexLearn failed to allege sufficient minimum contacts with Allen to warrant the exercise of specific jurisdiction over its patent infringement claim in Kansas.

1. Contacts Predating '522 Patent Issuance

[14] Many of the contacts NexLearn asserts confer specific jurisdiction over Allen occurred prior to the '522 patent's issuance. Five of the six emails NexLearn cites were sent before August 5, 2014. Allen's actions relating to NexLearn's SimWriter trial—executing the NDA, accessing the trial, and agreeing to the EULA—happened over five years before the '522 patent issued. Various other contacts alleged by NexLearn, including Allen's presentations at trade association conferences in which Kansas residents are members and Allen's advertisement in a trade association magazine, took place before August 5, 2014.

[15] [16] Allen's pre-issuance emails, presentations, and advertisements are not relevant to NexLearn's claim that Allen "infringes at least claims 1, 3–9, 11, 12, 14, and 25 of the '522 patent."[2] *See* J.A. 39. Specific jurisdiction requires that the plaintiff's suit "arises out of or relates to the defendant's contacts with the forum." *Daimler*, 134 S.Ct. at 749 (citation and alterations omitted). If a defendant purposefully derives benefit from his activities within a forum, he may be sued in that forum "for consequences that arise proximately from such activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Allen's emails, presentations, and advertisements predating August 5, 2014 cannot constitute infringing acts giving rise to NexLearn's claim because they did not occur "during the term of the patent."[3] 35 U.S.C. § 271(a). Because NexLearn's infringement claim does not proximately arise from these actions, they are not relevant to our specific jurisdiction inquiry.

To the extent Allen's SimWriter trial activities are "related" to Allen's later development of ZebraZapps, they are too attenuated to form a sufficient contact giving rise to NexLearn's claim of infringement. NexLearn's patent infringement claim does not arise proximately from these activities which occurred before NexLearn ever had a property right. This conduct is too far removed from NexLearn's infringement *claim* to be a relevant jurisdictional contact.

**\*4** The provisions within the NDA and EULA likewise do not render Allen subject to specific jurisdiction in Kansas. *Burger King* makes clear that the NDA's Kansas choice-of-law provision "standing alone would be insufficient to confer jurisdiction." 471 U.S. at 482, 105 S.Ct. 2174. Unlike the facts surrounding the contract in *Burger King*, the NDA in this case does not otherwise evidence Allen's "deliberate affiliation with the forum State and the reasonable foreseeability of possible litigation there." *Id.* The NDA, by its terms, expired in 2011. J.A. 44 ¶ 19. We fail to see how a provision in an expired NDA stating the "Agreement shall be governed by the laws of the State of Kansas" shows reasonable foreseeability of litigation in Kansas over NexLearn's

claim of *infringement* of the '522 patent. *See* J.A. 43 ¶ 9. While the EULA does not bear an expiration date, it suffers the same deficiency. The EULA requires that "any dispute arising out of or related to this Agreement or the Product must be brought exclusively in a court sitting in Wichita, Kansas." J.A. 216. This provision only recites forum selection for disputes arising out of the EULA or related to the SimWriter product. It does not specify the forum for disputes relating to infringement of the '522 patent or relating to the ZebraZapps product. Nor does NexLearn's complaint even assert breach of EULA; NexLearn's breach of contract claim rests on breach of the NDA. J.A. 38 ¶ 11 ("Allen's misuse of NexLearn's confidential information constitutes a breach of the NDA.").

We agree with the district court's determination that Allen's contacts predating the issuance of the '522 patent are not relevant contacts for establishing specific jurisdiction over NexLearn's patent infringement claim.

### 2. Allen's ZebraZapps Website & Contacts Postdating '522 Patent Issuance

**[17]** NexLearn alleges Allen's operation of an interactive ZebraZapps website creates a substantial connection with its patent infringement claim in Kansas. According to NexLearn, "Allen has specifically targeted Kansas residents in facilitating the purchase of ZebraZapps" on its website by allowing Kansas residents to select "Kansas" from a dropdown menu in the billing-address section when ordering ZebraZapps. J.A. 187–88 ¶ 4. NexLearn also identifies two instances in which Allen interacted with NexLearn employees residing in Kansas after the '522 patent issued. On September 9, 2014, Allen sent an email to its email subscribers, which included NexLearn employees, describing new features in ZebraZapps. J.A. 205–07. In July 2015, Allen's Director of Customer Success Services offered a NexLearn employee a free trial of ZebraZapps after she unsuccessfully attempted to purchase the product from Allen's website. J.A. 188 ¶ 5.

We agree with the district court that Allen's ZebraZapps website alone does not render it subject to specific jurisdiction in Kansas. *See* J.A. 11–14. We also agree with the district court that the addition of Allen's two contacts with NexLearn employees is insufficient to confer specific jurisdiction over Allen. But we do not agree with the district court's analysis in reaching that conclusion.

We evaluate Allen's website as we would any other contact under a specific jurisdiction theory; for there to be minimum contacts, there must be evidence that Allen purposefully availed itself of Kansas and that NexLearn's claim arises out of or relates to those contacts.[4] The existence of Allen's website, without more, is insufficient to show that Allen has minimum contacts with Kansas. *Cf. Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1235 (Fed. Cir. 2010) (holding "this court cannot determine that Abbyy Software purposefully availed itself of the privilege of conducting activities in California by some affirmative act or conduct, and that Nuance's claims arise out of those activities," although Abbyy Software maintained a website that "promotes the sale of [the infringing] products in California"); *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008) (not relying on defendant's website as a contact for specific jurisdiction and specifying in the general jurisdiction context, "maintenance of a website is also insufficient to give rise to general jurisdiction over the defendants in the State of Washington, as the website is not directed at customers in Washington and does not appear to have generated any sales in Washington"). We addressed whether a defendant's website gave rise to specific jurisdiction in *Trintec*, in which Trintec alleged Pedre was subject to specific jurisdiction in the District of Columbia based on "Pedre's use of its own interactive website to advertise its products, which Trintec alleges customers in the District of Columbia can use to purchase those products from Pedre." *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005). We explained the difficulty with that specific jurisdiction theory was that "Pedre's website is not directed at customers in the District of Columbia, but instead is available to all customers throughout the country." *Id.* Absent evidence that "any District residents have ever actually used Pedre's website to transact business," Trintec's allegations (together with other evidence of Pedre's contacts) were insufficient to show specific jurisdiction existed. *Id.* at 1281–82.

**\*5** Allen's inclusion of Kansas in its dropdown of all states on its website is not enough to subject Allen to jurisdiction in Kansas. Allen's address selector may indicate its amenability to selling ZebraZapps to Kansas residents, but it does not establish minimum contacts

arising out of or related to the infringement claim. While a Kansas resident *could* purchase ZebraZapps from Allen's website, what is missing is any evidence that such a sale has taken place. Apart from the NexLearn employee that unsuccessfully attempted to purchase ZebraZapps, NexLearn does not even allege that any Kansas resident has accessed Allen's ZebraZapps website. There is no evidence that Allen's website facilitated the making, using, offering, or selling of ZebraZapps in Kansas in order to connect Allen's website with NexLearn's patent infringement claim. In this respect, Allen's website is conceptually no different than operating an out-of-state store. That a store would accept payment from a hypothetical out-of-state resident and ship its product there does not create a substantial connection for an infringement claim between the store and the hypothetical resident's forum State. The store's willingness to enter future transactions with out-of-state residents does not, without more, show purposeful availment of each State in which it would, but has not yet, provided or even offered a sale. Something more is needed—whether it be actual sales, targeted advertising, or contractual relationships—to connect the defendant's infringing acts of making, using, offering, or selling its product with the forum State. What is sufficient may vary from case to case, but it cannot be that the mere existence of an interactive website, like the existence of an out-of-state store, is "suit-related conduct ... creat[ing] a substantial connection with the forum State." *Walden*, 134 S.Ct. at 1121.

[18] The addition of Allen's two post-issuance contacts with NexLearn employees do not suffice to render Allen subject to jurisdiction in Kansas. We do not agree with the district court's determination that Allen's sole post-issuance email to NexLearn employees was irrelevant because NexLearn "unilaterally expressed an interest in ZebraZapps or Allen." J.A. 10–11. It is true that when determining whether a defendant has minimum contacts with a forum State, the "unilateral activity of another party or a third person is not an appropriate consideration." *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 417, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *see also Walden*, 134 S.Ct. at 1122 ("[T]he relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." (quoting *Burger King*, 471 U.S. at 475, 105 S.Ct. 2174)). But Allen's email to NexLearn employees is not categorically irrelevant simply because the NexLearn employees *solicited* the email. It is undisputed that Allen accepted these employees' requests to receive emails about ZebraZapps and Allen. It is also undisputed that Allen thereafter emailed these NexLearn employees about ZebraZapps and its company. Allen extinguished the unilateral nature of these contacts when it affirmatively responded to these employees' requests by including them on its email subscription list and sending an email to these subscribers.

[19] [20] While Allen's post-issuance email is relevant to our specific jurisdiction inquiry, it is not enough to confer specific jurisdiction. The sole post-issuance email in the record consists of a mass-email advertisement about "new features, updates, and enhancements" made to ZebraZapps. J.A. 205–06. At the end of the email, Allen instructs the recipients of its email to "[l]earn more about the new features and start creating exceptional e-learning solutions with ZebraZapps today" and provides a link to its website. J.A. 207. We have previously held that similar contacts, in which an advertisement was "nationally distributed and not limited to [the forum State]," are "attenuated evidence [that] does not show that the [forum State] was a target market." *Compare Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1347 (Fed. Cir. 2012) (national advertisement mailed twice per year did not show the defendant purposefully availed itself of the privileges of conducting activities within California), *with Quill Corp. v. North Dakota*, 504 U.S. 298, 304, 308, 112 S.Ct. 1904, 119 L.Ed.2d 91 (1992) (defendant's mailing of 24 tons of catalogs and flyers each year into North Dakota subjected it to specific jurisdiction there). While Kansas need not be the only target of Allen's conduct, Allen's mailing of one advertisement to all of its nationwide subscribers does not "create a substantial connection with the forum State." *Walden*, 134 S.Ct. at 1121. We also question whether NexLearn's infringement claim could arise out of or relate to this advertisement because the advertisement does not appear to expressly offer ZebraZapps for sale. "[M]ere advertising and promoting of a product may be nothing more than an invitation for offers." *Grp. One, Ltd. v. Hallmark Cards, Inc.*, 254 F.3d 1041, 1048 (Fed. Cir. 2001); *see also 3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373 (Fed. Cir. 1998) (holding price quotation letters were offers for sale under § 271 where they contained "a description of the allegedly infringing merchandise and the price at which it can be purchased"). Regardless of whether Allen's single email could qualify as an offer for sale under § 271(a), it is insufficient to establish minimum contacts with Kansas in this case.

**\*6** **[21]** For similar reasons, we do not agree with the district court's determination that Allen's offer of a free ZebraZapps trial to a NexLearn employee is irrelevant to our specific jurisdiction inquiry. *See* J.A. 14 (explaining it "cannot consider those contacts that are created or manufactured by the plaintiff for purposes of establishing personal jurisdiction"). NexLearn did not unilaterally cause this contact to arise; Allen purposefully directed activities to Kansas when it offered the NexLearn employee the free trial. So long as Allen's offer of the free ZebraZapps trial qualifies as or relates to a make, use, offer, or sale of an accused product under § 271(a), we fail to see why this contact is irrelevant to NexLearn's patent infringement claim simply because the recipient was a NexLearn employee. If Allen's offer of the free trial constituted or gave rise to an act of infringement, it is immaterial whether or not the offer was made to an employee of the patent holder. This contact is jurisdictionally relevant to NexLearn's patent infringement claim.

As with Allen's single post-issuance email to NexLearn employees, however, Allen's single offer of a free ZebraZapps trial is too attenuated to establish minimum contacts with Kansas. In light of the "relationship among the defendant, the forum, and the litigation," Allen's single offer is too insignificant to justify haling it into court in Kansas. *See Walden*, 134 S.Ct. at 1121 (alteration omitted); *cf. J. McIntyre Mach., Ltd. v. Nicastro,* 564 U.S. 873, 888–89, 131 S.Ct. 2780, 180 L.Ed.2d 765 (2011) (Breyer, J., concurring) ("[T]he Court, in separate opinions, has strongly suggested a single sale of a product in a State does not constitute an adequate basis for asserting specific jurisdiction over an out-of-state defendant ...."). It does not create a substantial connection with either Kansas or NexLearn's cause of action. We have previously held that a defendant's contacts with a forum State, similar to those here, were insufficient to establish minimum contacts. In *Maynard*, for example, we held Maynard failed to allege Philadelphia Cervical was subject to specific jurisdiction in Kentucky where Philadelphia Cervical "(1) sent a letter to Maynard in Kentucky dated December 1, 1992, (2) maintained an Internet web page, and (3) sold a Philadelphia Cervical product to Maynard in Kentucky." *See Maynard v. Phila. Cervical Collar Co.,* 18 Fed.Appx. 814, 816–17 (Fed. Cir. 2001). In *Katz*, we explained that the defendant's single sale to the plaintiff, among the thousands of containers it sold in a different State, did not subject the defendant to specific jurisdiction. *Katz v. Ladd Uniform Co.*, 975 F.2d 869 (Fed. Cir. 1992) (unpublished) ("Katz's isolated mail-order requests were for the supply of three gas containers, with a total sales value of $26.85.... Ladd's isolated action did not satisfy the 'minimum contacts' that are necessary to meet the requirements of due process."). Here, Allen's isolated offer of a free trial to a Kansas resident is insufficient to establish a substantial connection with Kansas to warrant the exercise of specific jurisdiction.

Allen's website together with its contacts with NexLearn create only an "attenuated affiliation" with Kansas as opposed to a "substantial connection" with the forum State as required for specific jurisdiction. *See Burger King,* 471 U.S. at 475, 105 S.Ct. 2174. We thus affirm the district court's dismissal of NexLearn's patent infringement claim for lack of personal jurisdiction.

### B. NexLearn's Breach of Contract Claim

We affirm the district court's dismissal of NexLearn's remaining claim for breach of contract for lack of subject matter jurisdiction. NexLearn's complaint asserts the District of Kansas has original subject matter jurisdiction over only its patent infringement claim, resting its breach of contract claim on "supplemental jurisdiction pursuant to 28 U.S.C. § 1367." J.A. 36 ¶ 1. While neither party disputes that a claim for patent infringement falls within the district court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), the district court's dismissal of that claim for lack of personal jurisdiction left no remaining claim over which the district court could exercise original subject matter jurisdiction. *See* J.A. 17. A district court cannot exercise supplemental jurisdiction over a claim where original subject matter jurisdiction does not exist. 28 U.S.C. § 1367(a). Because we affirm the district court's dismissal of NexLearn's patent infringement claim for lack of personal jurisdiction, we affirm the district court's dismissal of NexLearn's supplemental claim for breach of contract.

### CONCLUSION

**\*7** For the reasons discussed above, we affirm the district court's dismissal of NexLearn's complaint.

**AFFIRMED**

COSTS

Costs to Allen.

**All Citations**

--- F.3d ----, 2017 WL 2622469

Footnotes

1   Allen alternatively moved for failure to state a claim upon which relief could be granted. It argued that if it was subject to personal jurisdiction in Kansas, NexLearn's claims should be dismissed because the '522 patent is directed to unpatentable subject matter and NexLearn failed to allege breach of contract prior to the NDA's expiration in 2011. Because we affirm the district court's holding that it lacked personal jurisdiction over Allen, we do not reach these alternative arguments.

2   Because our review is limited to whether Allen is subject to specific jurisdiction in Kansas, our analysis focuses on whether Allen's pre-issuance contacts are suit-related. We recognize of course that Allen's contacts could be relevant to a general jurisdiction analysis, which permits a court to exercise jurisdiction based on contacts unrelated to the underlying action. *See Walden*, 134 S.Ct. at 1121 n.6.

3   In some circumstances a defendant's suit-related contacts may extend to activities that occurred long before the plaintiff's cause of action became ripe. *See, e.g., Burger King*, 471 U.S. at 479–80, 105 S.Ct. 2174 (considering the defendant's forum-related contract negotiations in breach of contract suit). But in no way does NexLearn connect Allen's independent pre-issuance actions with any later infringing conduct to render them relevant. *See Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1297–98 (Fed. Cir. 2009) (holding display of products at a trade show after the patent's issuance and "for the purpose of generating interest in infringing products" was a relevant jurisdictional contact).

4   We agree with the district court's decision not to apply the *Zippo* "sliding scale" test to assess personal jurisdiction in this case. *See* J.A. 12–13 (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D. Pa. 1997)).

**End of Document**   © 2017 Thomson Reuters. No claim to original U.S. Government Works.